# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MORGAN PERRY**<br>14325 Old Columbus Rd.<br>South Vienna, OH 45369,<br><br>    **Plaintiff, for himself, and all others similarly situated**<br><br>v.<br><br>**KRIEGER BEARD SERVICES, LLC**<br>Serve Statutory Agent:<br>National Registered Agents, Inc.<br>1300 E. Ninth St.<br>Cleveland, OH 44114<br><br>    And,<br><br>**DIRECTV, LLC**<br>Serve Statutory Agent:<br>CT Corporation System<br>1300 E. Ninth St.<br>Cleveland, OH 44114<br><br>    And,<br><br>**AT&T CORP.**<br>Serve Statutory Agent:<br>CT Corporation System<br>1300 E. Ninth St.<br>Cleveland, OH 44114<br><br>    And,<br><br>**DIRECTSAT USA, LLC**<br>Serve Statutory Agent:<br>50 W. Broad St. Ste. 1330<br>Columbus, OH 43215<br><br>    **Defendants.** | **Case No.: 17-CV-161**<br><br>Judge<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

# COMPLAINT

NOW COMES Plaintiff Morgan Perry ("Plaintiff") and proffers this Complaint for damages against Krieger Beard Services, LLC, DIRECTV, LLC, AT&T Corp., and DirectSat USA, LLC ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et. seq.,* and Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Chapter 4111 ("R.C. 4111"), Virginia Code 40.1-28, *et seq.*, and Virginia Code 9.1-701, *et seq.*

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio and Virginia pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed his job duties there and Defendants is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Morgan Perry is an individual, a United States Citizen, and a resident of the State of Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of named Defendants as defined in the FLSA, R.C. Chapter 4111, Virginia Code 40.1-28, *et seq.*, and Virginia Code 9.1-701, *et seq.*

7. Defendant Krieger Beard Services, LLC, ("Krieger") is an Ohio limited liability company.

8. DIRECTV, LLC ("DIRECTV") is a California Limited Liability Company with its principal place of business in El Segundo, California, which operates as a subsidiary of Defendant AT&T Corp.,

9. Defendant AT&T Corp., ("AT&T") is a Delaware corporation with its principal place of business in Dallas, Texas, which acquired former corporation DIRECTV, Inc., in July, 2015.

10. Defendant DirectSat USA, LLC, ("DirectSat") is a Delaware limited liability company with its principal place of business in King of Prussia, Pennsylvania.

11. Plaintiff has performed work for Krieger, AT&T, DIRECTV, LLC and DirectSat

12. All Defendants conduct business or have conducted business in the Southern District of Ohio.

13. At all times relevant herein, Defendant Krieger is a covered "employer" as that term is defined in the FLSA, R.C. Chapter 4111, Virginia Code 40.1-28, *et seq*., and Virginia Code 9.1-701, *et seq*.

14. At all times relevant herein, Defendant DIRECTV is a covered "employer" as that term is defined in the FLSA, R.C. Chapter 4111, Virginia Code 40.1-28, *et seq.*, and Virginia Code 9.1-701, *et seq.*

15. At all times relevant herein, Defendant AT&T is a covered "employer" as that term is defined in the FLSA, R.C. Chapter 4111, Virginia Code 40.1-28, *et seq.*, and Virginia Code 9.1-701, *et seq.*

16. At all times relevant herein, Defendant DirectSat is a covered "employer" as that term is defined in the FLSA, R.C. Chapter 4111, Virginia Code 40.1-28, *et seq.*, and Virginia Code 9.1-701, *et seq.*

17. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

18. Plaintiff brings this action on his own behalf and on behalf of those similarly situated ("SSPs"), and Plaintiff has given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

**FACTUAL BACKGROUND**

19. AT&T acquired Defendant DIRECTV in a transaction finalized in 2015. AT&T, through its subsidiary DIRECTV, is a direct broadcast satellite service provider, transmitting digital satellite television and audio to households in the United States.

20. AT&T, through its subsidiary DIRECTV, contracts with Defendants DirectSat and Krieger to provide satellite installation, maintenance, and services to customers.

21. Plaintiff began working for Defendants on or around 2010 in the position of technician. At that time, Plaintiff was trained by other technicians working for Defendants on how to perform the job, which is common practice for the technicians.

22. Plaintiff, along with the other technicians, play a very integral role in the business of AT&T and DIRECTV because, by being the people responsible for installing and repairing DIRECTV satellite television service, the business could not survive without those services. AT&T and DIRECTV, upon information and belief, are the primary, if not sole, customer of DirectSat and Kreiger. Plaintiff's principal job duties as technician were to install and repair DIRECTV satellite television services.

23. AT&T, as the parent corporation to DIRECTV, oversees a network of "Providers," including Defendants DIRECTV, Krieger, and DirectSat, who supply AT&T a workforce of technicians, either by serving their apparent employer, or by "subcontracting with technicians," such as Plaintiff.

24. Upon information and belief, technicians report directly to Providers under protocol, guidelines, and procedures created, implemented, or otherwise adopted by AT&T.

25. Upon information and belief, agreements between AT&T and Providers enable AT&T and additional named Defendants to exercise control in nearly every facet of technicians' work including, but not limited to, the "DIRECTV" shirt every technician is required to wear along with a "DIRECTV" identification badge, and "DIRECTV" insignia affixed to the vehicle each technician operates. AT&T also mandates that the Plaintiff, along with the other technicians, use AT&T as a carrier for their cellphone service, in part, so AT&T can provide the technicians a list of their required jobs to perform each job.

26. AT&T, independently and/or through agreements with Providers, controls each technician's hours by mandating that the technicians be completely available between 8:00 am and 4:00 pm, regardless of whether work was available, though the technicians were required to work significantly more hours.

27. Plaintiff and SSPs ("Plaintiffs") typically start the workday after receiving daily work schedules assigned through DIRECTV's dispatching system. Each day, Plaintiffs are required to perform the assigned tasks given on that day.

28. Plaintiffs are required to report to a location site designated by Defendants to obtain applicable equipment for the prescribed services they are to perform on any given work day. Plaintiffs often arrive at a location of Defendants well before 8:00 a.m.

29. Plaintiffs are required to perform services as directed by Defendants as well as maintain availability as dictated by Defendants, including but not limited to, several hours in excess of the 8:00 am to 4:00 pm window during peak service request times. Given that Defendants demand that Plaintiffs are available and perform work from 8:00 a.m. through 4:00 p.m., along with additional hours, Plaintiffs do not have time to perform work for anyone other than Defendants.

30. Additionally, Plaintiffs are required to work weekends during peak service request times and routinely provide services on Saturdays and Sundays as directed by Defendants.

31. Plaintiffs' relationship with Defendants is for an indefinite period of time, often lasting for years.

32. Plaintiffs are required to perform services based on a fixed rate prescribed by Defendants, which precludes Plaintiffs from exercising discretion in increasing, decreasing, or otherwise changing the rate for a specific service performed.

33. As with other aspects of Plaintiffs' work, AT&T through its subsidiary DIRECTV effectively controlled Plaintiffs' pay through the common policies, practices, and procedures mandated through Providers.

34. Plaintiffs are paid under a piece-rate payment structure that was universally utilized and applied to technicians.

35. Under this pay structure, Plaintiffs are not paid for all hours they work; rather they are paid on a per-task, or piece rate, basis for completing DIRECTV-approved satellite

installation. Plaintiffs receive no premium payments for any hours they work over forty (40) hours in a given workweek.

36. Under this pay structure, Plaintiffs are only compensated for set tasks as determined by Defendants, but fails to compensate technicians for all necessary work performed.

37. Some of these tasks include, but are not limited to, assembling satellite dishes, driving to and from job assignments, reviewing and receiving schedules, confirming client appointments, obtaining required supplies, performing required customer educations, contacting DIRECTV to report in or activate service, and working on installations that were not completed, and working on installations where Plaintiffs had to return and perform additional work on installations previously completed.

38. Plaintiffs are not paid for these integral and indispensable tasks that were necessary to their principal activity of installing and repairing DIRECTV satellite television service.

39. Defendants have not paid Plaintiffs' wages free and clear. Specifically, Plaintiff is subjected to "chargebacks" wherein Defendants deduct directly from Plaintiffs' pay for reasons often outside the Plaintiffs' control, such as customer cancellations, customer questions, and customers' requests for additional visits, even if the first installation was performed correctly.

40. Plaintiffs are subjected to "chargebacks" regardless of the competency, skill, or completion of the job(s) performed as responding technicians.

41. Plaintiffs' pay is also contingent on a "scorecard" that is created, maintained, and routinely used by Defendants.

42. The scorecard tracks various aspects of Plaintiffs' job performance, including but not limited to, upgrades achieved, internet installation, protection plan sales, and "President's Letters", positive letters to the president of DIRECT based on a technicians performance.

43. The scorecard is updated every seven days to reflect Plaintiffs' overall performance—pay is directly contingent on this scorecard, completed by Defendants.

44. Through the aforementioned facts, Defendants exercise a significant level of control over Plaintiffs' work life, including but not limited to, control over what work Plaintiffs performed, when that work was performed, and how that work was performed.

45. Defendants further determined the rate of pay for Plaintiffs and administered/implemented a payroll and structure.

46. AT&T, through its Providers, exerted control over Plaintiffs sufficient to establish that they are employed by Defendants.

47. AT&T and the Providers constitute employers subject to liability under FLSA

48. Defendants required Plaintiffs to hold themselves out as agents of DIRECTV.

49. AT&T, through its Providers, creates detailed instructions regarding the fitness of completed technician jobs including but not limited to instructions as to how the work shall be performed.

50. AT&T, through its Providers, prevents Plaintiffs from exercising discretion regarding the performance, rate, or execution of completed technician jobs.

51. AT&T, through its Providers, required that all technicians be certified through the Satellite Broadcasting & Communications Association ("SCBA") before a technician is permitted to be assigned a DIRECTV work order.

52. AT&T, through its Providers, utilizes a network of quality control personnel and field managers to review Plaintiffs' work.

53. Defendants are each engaged in interstate commerce and, upon information and belief, Defendants each gross more than Five Hundred Thousand Dollars in revenue per year.

**FIRST CAUSE OF ACTION**
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. -**
**Failure to Pay Overtime**

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other SSPs of the opt-in class, which includes: All current and former Technicians employed by Defendants for 3 years prior to the date of filing this Complaint whom have not been paid overtime pay for all hours worked in a week in excess of forty.

56. In the three years prior to the date of filing this Complaint, Defendants have employed approximately 60-70 Technicians. These other Technicians are similarly situated to Plaintiffs.

57. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiffs are representatives of all Technicians and are acting on behalf of their interests as well as their own in bringing this action.

58. The SSPs are known to Defendants and are readily identifiable through Defendant Krieger's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

59. Plaintiffs and the SSPs were paid on a per-task basis.

60. Plaintiffs and the SSPs were misclassified by Defendants as non-exempt employees.

61. Plaintiffs and the SSPs were not paid an overtime premium for all hours worked over forty in a work week.

62. Defendants were aware that Plaintiffs and the SSPs were working significantly more than 40 hours per week, but were not receiving overtime compensation for hours worked in excess of 40 per week.

63. Defendants were also aware that Plaintiffs and the SSPs were performing work for Defendants before and after their scheduled shifts, including making customer calls, entering in data, and driving.

64. Defendants knew or should have known they were required to pay Plaintiffs and the SSPs overtime pay.

65. Upon information and belief, Defendants' misclassification of their Technicians and their failure to pay them overtime pay for all hours worked in excess of forty per week was a company policy enforced by Defendants.

66. Accordingly, Plaintiffs and the SSPs were forced to work more than 40 hours per week without overtime compensation for the last 3 years. As a result, Plaintiffs and the SSPs have been damaged.

## SECOND CAUSE OF ACTION
### FLSA Collective Action, 29 U.S.C. §201, *et seq.* - Failure to Pay Minimum Wage

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. Plaintiffs and SSPs were not paid during the last three years the federal minimum wage amount for all hours worked in each work week.

69. Defendants were aware that Plaintiffs and the SSPs were not receiving the federal minimum wage amount for all hours worked in each work week.

70. Defendants knew or should have known they were required to pay Plaintiffs and SSPs the federal minimum wage amount for each hour worked.

71. Upon information and belief, Defendants' misclassification of their Technicians and their failure to pay Technicians federal minimum wage for all hours worked was a company-wide policy enforced by Defendants.

72. Accordingly, Plaintiffs and SSPs were forced to work without receiving federal minimum wage for each hour worked during the last years. As a result, Plaintiffs and the SSPs have been damaged.

### THIRD CAUSE OF ACTION
### OMFWSA R.C. 4111, *et seq.*-
### Failure to Pay Ohio Minimum Wage

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. This claim is brought under Ohio Law.

75. Defendants' repeated and knowing failure to pay Ohio minimum wage for all hours worked in a work week by the Plaintiff Morgan and all other SSPs who worked in Ohio violates of Section 4111.02 of the Ohio Revised Code.

76. For the Defendants' violations of O.R.C. 4111.02, Plaintiff Perry and SSPs who worked in Ohio are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

### FOURTH CAUSE OF ACTION
### OMFWSA R.C. 4111, *et seq.* -
### Failure to Pay Ohio Overtime

77. All of the preceding paragraphs are realleged as if fully rewritten herein.

78. This claim is brought under Ohio Law.

79. Defendants' repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) to Plaintiff Perry and other SSPs who worked in Ohio violated Section 4111.03 of the Ohio Revised Code.

80. For the Defendants' violations of ORC 4111.03, Plaintiff Perry and SSPs who worked in Ohio are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## FIFTH CAUSE OF ACTION
## Virginia Code 40.1-28, *et seq.*—
## Failure to Pay Virginia Minimum Wage

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. This claim is brought under Virginia Law.

83. Defendants' repeated and knowing failure to pay Virginia minimum wage for all hours worked in a work week by the Plaintiff Perry and SSPs who worked in Virginia violates of Section § 40.1-28.10 of the Virginia Code.

84. For the Defendants' violations of VC 40.1-28.10, Plaintiff Perry and SSPs who worked in Virginia are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Virginia law.

## SIXTH CAUSE OF ACTION
## Virginia Code 9.1-701, *et seq.* –
## Failure to Pay Virginia Overtime

85. All of the preceding paragraphs are realleged as if fully rewritten herein.

86. This claim is brought under Virginia Law.

87. Defendants' repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) by Plaintiff Perry and the SSPs who work in Virginia violates Section 9.1-701of the Virginia Code.

88. For the Defendants' violations of VC 9.1-701, Plaintiff Perry and SSPs who worked in Virginia are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Virginia law.

# PRAYER FOR RELIEF

**WHEREFORE,**

**A. AS TO COUNTS ONE, TWO, THREE, FOUR, FIVE, & SIX**. Certification as a collective action to all SSPs and appointment of named Plaintiffs and their counsel to represent the Class. Enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the Class the total amount of damages to which Plaintiffs and the Class are entitled including unpaid wages, unpaid overtime, liquidated damages, interest, costs of the litigation and administration of the common fund, and attorney's fees. Injunctive relief for Defendants to cease violations of the FLSA. Such other or additional relief deemed appropriate by the Court.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
Phone: (513) 834-8254
Fax: (513) 834-8253
Email: brad@gibsonemploymentlaw.com

/s/ Kenneth J. Ignozzi
Kenneth J. Ignozzi (0055431)
**Dyer, Garofalo, Mann & Schultz, LPA**
131 N. Ludlow Street, Suite 1400
Dayton, Ohio 45402
Phone: (937)223-8888
Fax # (937) 824-8630
Email: kignozzi@dgmslaw.com

        /s/ Austin H. LiPuma\
        Austin H. LiPuma, Esq. (0095750)\
        **Dyer, Garofalo, Mann & Schultz, LPA**\
        131 North Ludlow Street\
        Suite 1400\
        Dayton, Ohio 45402\
        Phone: (937) 223-8888\
        Fax: (937) 824-8630\
        Email: alipuma@dgmslaw.com

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

        /s/ Bradley L. Gibson\
        Bradley L. Gibson (0085196)