UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MORGAN PERRY, et al., | : | Case No. 3:17-cv-161 |
| Plaintiffs, | : | Judge Thomas M. Rose |
| v. | : | |
| KRIEGER BEARD SERVICES, LLC, et al., | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR CONDITIONAL CLASS CERTIFICATION AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS (DOC. 62)**

---

This case is before the Court on the Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs (Doc. 62) filed by Plaintiffs Morgan Perry, Travis Fain, and Brian Fox ("Plaintiffs") under Section 16(b) of the Fair Labor Standards Act ("FLSA"). Defendant Krieger Beard Services, LLC ("Krieger Beard") provides satellite television installation and other services for Defendants DIRECTV, LLC and DirectSat USA, LLC. Plaintiffs are satellite installation technicians who worked for Krieger Beard and performed these services. Plaintiffs claim that they were non-exempt employees entitled to overtime compensation from Krieger Beard, but were not paid such compensation for their work.

Plaintiffs ask the Court to conditionally certify an FLSA collective action and order notice sent to members of a class of all current and former technicians who worked more than 40 hours in a week for Krieger Beard beginning May 8, 2014 to the present, but were not paid overtime wages and/or were not paid the minimum wage during their employment. Defendants opposed

the Motion for Conditional Certification, which is fully briefed and ripe for review. (Docs. 62, 69, 71, 73, 75.) For the reasons below, Plaintiffs' Motion is **GRANTED**.

I. <u>**LEGAL STANDARD**</u>

Congress enacted the FLSA "to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n. 18 (1945)). The FLSA establishes not only a minimum wage, but also requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1).

Section 216(b) of the FLSA allows employees to bring a collective action on behalf of themselves and other similarly situated employees to recover compensation from their employer. 29 U.S.C. § 216(b). A principal difference between a collective action and a class action certified under Fed. R. Civ. P. 23 is that class members in a collective action must "opt-in" to the litigation, whereas Rule 23 requires class members to "opt-out" if they do not want to be included.

The certification of a collective action is a two-step process: the first step, conditional certification, occurs at the beginning of discovery and the second step occurs "after all class plaintiffs have decided whether to opt-in and discovery has concluded." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (citing *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). To obtain conditional certification, the plaintiff must "make a modest factual showing" that the employees in the proposed class are "similarly situated." *Comer*, 454 F.3d at 546-47 (citing 29 U.S.C. § 216(b)). This is a "fairly lenient standard" that "typically results in conditional certification of a representative class." *Id.* at 547. In most circumstances,

the district court should "refrain from resolving factual disputes and deciding matters going to the merits" at this stage. *Dinkel v. MedStar Health, Inc.*, 880 F. Supp. 2d 49, 53 (D.D.C. 2012).

At the second stage, courts apply a "stricter standard" and more closely examine "the question of whether particular members of the class are, in fact, similarly situated." *Id.* at 547. "[P]laintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009). If the court determines at the second step that the plaintiffs are not similarly situated, it may decertify the class. At both the first and second step, the lead plaintiffs bear the burden of showing that they are similarly situated to the opt-in plaintiffs. *White*, 699 F.3d at 877.

## II. ANALYSIS

The Court's inquiry at this stage is limited to whether Plaintiffs have made a modest factual showing that they and the proposed class members are similarly situated. Defendants DIRECTV, DirectSat, Krieger Beard and Dustin Krieger, its President, argue that Plaintiffs have not made this showing and that Plaintiffs were independent contractors exempt from the FLSA's requirements. Defendants DIRECTV and DirectSat further argue that the Court should not certify a collective action against them in particular because there is no evidence that Plaintiffs were their employees. The Court addresses Defendants' arguments below in its consideration of whether Plaintiffs have met the standard for conditional certification.

### A. Whether Plaintiffs Are Similarly Situated to Proposed Class Members

Each of the three named Plaintiffs submitted a declaration attesting to similar facts regarding their alleged employment with Defendants Krieger Beard, DirectSat and DIRECTV. (Docs. 62-1, 62-2, 62-3, 62-4.) Their primary responsibility as technicians was to go into the field

3

and perform satellite installations and upgrades for Defendants' customers. They were each paid on a "piece-rate basis" throughout their alleged employment. In other words, they were paid a certain amount to complete a specific task, regardless of how much time it took to complete that task. Plaintiff Perry was paid approximately $38.25 for a successful satellite installation, for example, whether it took 15 minutes or 2 hours to complete. Plaintiffs all represent that Krieger Beard never increased their pay or paid them a premium for any tasks performed while working more than 40 hours in a workweek. Plaintiffs typically worked more than 40 hours per week.

Plaintiffs were required to arrive at their first customer's location no later than 8 am each workday. They each understood this to be a company policy because company representatives informed them and other technicians of this requirement at company meetings. This policy was uniform throughout Krieger Beard's locations where Plaintiffs worked, with the exception of Illinois. Perry stated that a Krieger Beard manager told him that other technicians were also paid on a piece-rate basis. Plaintiff Fox worked with another technician, who is not a named Plaintiff, who was also paid on a piece-rate basis and worked over 40 hours per week.

These facts satisfy the modest showing required at this stage for conditional certification of the proposed class of satellite installation technicians.

DIRECTV and DirectSat argue that conditional certification of an FLSA class against them is not proper because Plaintiffs present evidence concerning only Krieger Beard's conduct. They further assert that Plaintiffs have not shown any coordination among DIRECTV, DirectSat, and Krieger Beard, which are independent entities. Plaintiffs argue they have carried their burden because DIRECTV, DirectSat and Krieger Beard are joint employers under the FLSA.

The FLSA regulations recognize that, in some cases, two entities may jointly employ an individual with respect to the same work. 29 C.F.R. § 791.2(a). Further, "if the facts establish

that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act." *Id.* In such a case, the joint employers are joint and severally liable for any violations of the FLSA. *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994). Thus, if Plaintiffs prove that DIRECTV, DirectSat, and Krieger Beard jointly employed Plaintiffs for purposes of their satellite installation services, then all three Defendants would be responsible for ensuring that Plaintiffs' employment complied with the FLSA. Plaintiffs argue that the question of whether individual Defendants were, in fact, joint employers, goes to the merits of their claims and should not be considered at this time.

Plaintiffs have not proven that any of the Defendants was their employer under the FLSA, but they are not required to do so at this stage. Plaintiffs have presented sufficient evidence, however, to conditionally certify their class as to all Defendants, including DIRECTV and DirectSat. All three Plaintiffs claim to have worked for all three corporate Defendants, not just Krieger Beard. In addition, Plaintiffs allege that, through agreements between DIRECTV and providers like Krieger Beard and DirectSat, Defendants together controlled "nearly every facet of technicians' work including, but not limited to, the 'DIRECTV' shirt every technician is required to wear along with a 'DIRECTV' identification badge, and 'DIRECTV' insignia affixed to the vehicle each technician operates." (Doc. 57 at ¶ 42.) These facts are sufficient to conditionally certify an FLSA class against DIRECTV and DirectSat. The question of whether the corporate Defendants in fact qualify as joint employers under the FLSA is not before the Court.

Defendants also make several arguments regarding the nature of the evidence presented by Plaintiffs. Plaintiffs, however, are not required to present certain types of evidence to obtain

5

conditional certification; they are only required to make a modest showing that they are similarly situated to other class members. Since the evidence that they have presented is sufficient, it is of no consequence that they have not submitted, for example, notices of would-be opt-in plaintiffs.

### B. **Whether Plaintiffs Seek to Certify an Impermissible Fail-Safe Class**

Defendants argue that Plaintiffs' proposed class definition is improper because it is a "fail-safe" class. A fail-safe class is "a class that cannot be defined until the case is resolved on the merits." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012), citing *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir.2011) ("Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment."). In *Young*, the Sixth Circuit observed that a fail-safe class "includes *only* those who are *entitled* to relief." 693 F.3d at 538. It therefore rejected an objection to a proposed class definition as "fail-safe" where it would include "both those entitled to relief and those not." *Id.* Other courts have similarly described a fail-safe class as "inherently deficient in that it 'precludes membership unless the liability of the defendant is established.'" *Schilling v. Kenton Cty.*, Ky., No. 10-143, 2011 WL 293759, at *6 (E.D. Ky. Jan. 27, 2011) (quoting *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010)). As in *Young*, this case does not involve a class in which only those entitled to relief are included. Nor does it preclude membership unless liability of the defendant is established.

Plaintiffs define the class to include all technicians who worked for Krieger Beard and were not paid one-and-a-half times their regular rate of pay for all hours worked in excess of 40 per workweek and/or the minimum wage for each hour worked. (Doc. 62-5.) The facts that define an individual as a class member are knowable without any determination of liability. A technician who worked over 40 hours in a week and was not paid overtime or the equivalent of a minimum

wage is in the class, regardless of whether or not the technician qualifies as an employee or is entitled to such compensation under the FLSA. Thus, Plaintiffs have not proposed an impermissible fail-safe class.

### C. The Applicable Statute of Limitations

In general, a cause of action for unpaid overtime or minimum wage under the FLSA must be commenced within two years after accrual. *See* 29 U.S.C. § 255(a). If an employee can prove that the employer's alleged violation was willful, however, then a three-year statute of limitations applies. *Id.* An individual's claim commences from the filing of the complaint for a named plaintiff or the date on which an individual plaintiff files written consent to join the action. 29 U.S.C. § 256(a)-(b).

Defendants argue that Plaintiffs propose a class that includes claims outside even the three-year statute of limitations for willful violations of the FLSA. Plaintiffs allege that Defendants willfully violated the FLSA, but do not contend that the statute of limitations should exceed three years. Plaintiffs suggest that they might make arguments for equitable tolling of the statute of limitations, to the extent that certain plaintiffs have claims that arose more than three years before they file their notice of consent. The Court agrees that the time to address these issues is at a later stage of the litigation. Plaintiffs may proceed based on the current date stated in their Notice.

Defendants also argue that Plaintiffs have not established grounds for asserting a willfulness claim. Defendants do not cite any caselaw, however, in which a court has not permitted

an FLSA plaintiff to assert a three-year class at the conditional certification stage. In this case, Plaintiffs' allegations are sufficient to permit them to assert a three-year class at this time.

### D. Plaintiffs' Proposed Notice

In addition to seeking certification of an FLSA collective class action, Plaintiffs ask the Court to approve the form of notice to be sent to putative class members. A district court may facilitate an FLSA collective action by authorizing notice of the suit to potential opt-in plaintiffs. *See Hoffmann–LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The Court supervises notice so that potential plaintiffs are provided "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. at 170. Any notice should "avoid communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Id*. at 168–69. Once conditional certification has been granted, sending notice as soon as possible is important in an FLSA collective action because the statute of limitations continues to run until individuals affirmatively opt-in to the action. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 845 (S.D. Ohio 2013).

Plaintiffs submitted a proposed Notice with their motion for conditional certification. (Doc. 62-5.) The Notice contains basic information about the lawsuit, who may opt-in to the lawsuit, and the timing and manner in which to do so. Plaintiffs propose that the Notice be sent by ordinary mail to current and former employees and by electronic mail to former employees only. Defendants assert several objections to the Notice, which are addressed below.

#### 1. Class Definition and Content of Notice

Defendants' first objection to the Notice is that it describes an impermissible fail-safe class. The Court overruled that objection above—no further comment is necessary here. Their second objection is that the Notice contains misstatements of the law and improperly presumes legal

conclusions. Specifically, Defendants argue that the Notice presumes (1) an employment relationship that has not been shown; (2) that Plaintiffs and other technicians have definitively been found to be similarly situated; (3) that the FLSA applies to Plaintiffs and potential opt-in plaintiffs who were allegedly classified as independent contractors; (4) that the mere act of completing and submitting a consent form means the individual "will become a participant in the lawsuit"; and (5) FLSA overtime liability that has not been demonstrated.

The objection to language presuming an employment relationship is well-founded. In the first two paragraphs on the first page, the Notice refers to technicians who are or were "employed by" Defendants. While such language does not constitute a determination of any issues in this case, it does introduce potential confusion. Defendants have submitted evidence that technicians entered into independent contractor agreements with Krieger Beard. Some technicians, accepting those agreements at face value (unlike the named Plaintiffs), might interpret the Notice to mean that they are not within the class. Plaintiffs therefore must revise the Notice to refer to technicians who "worked for" or "performed satellite installation, maintenance and other services" for Krieger Beard to avoid this possible mistaken interpretation.[1]

Defendants do not identify the specific language in the Notice that purportedly claims that Plaintiffs and other technicians have "definitively been found" to be similarly situated. Perhaps they are referring to section B, titled "Your Right to Opt-In." In that section, Plaintiffs state that under the FLSA, technicians may opt-in if they were similarly situated to Plaintiffs. They then describe the class that has been conditionally certified by the Court. This section does not imply

---

[1] The Court does not wish to dictate the specific language of the Notice to Plaintiffs. Rather, the Court finds that Defendants' objection, in this instance, is well-founded and orders the Plaintiffs to revise the Notice to address the issue.

that the Court has made a final determination regarding whether or not any opt-in plaintiff is similarly situated.

Defendants also do not identify the specific language claiming that the FLSA applies to technicians allegedly classified as independent contractors. Again, without knowledge of the specific language that Defendants find objectionable, the Court must surmise that Defendants are referring to language stating that Defendants allegedly misclassified technicians as exempt employees. There is nothing objectionable about describing the allegations in this lawsuit; it is information that potential opt-in plaintiffs likely want to know. Moreover, this is a key issue in this case. This objection is overruled.

Likewise, there is nothing objectionable about the statement that, by filing the opt-in consent with the Court, a technician will become a participant in the lawsuit. The technician will become a participant, at least until the Court rules on final certification of the proposed class.

The objection that the Notice presumes FLSA overtime liability is not well-founded. The Notice explicitly states that the Notice "does not reflect a judgment by the Court about whether any current or former technician is entitled to compensation." (Doc. 62-5.)

### 2. Potential Liability for Costs

Defendants request that the Notice inform potential opt-in plaintiffs that, in some circumstances, they may be responsible for paying Defendants' litigation expenses and costs. (Doc. 70 at 3-4, citing *Frye v. Baptist Memorial Hosp., Inc.*, 507 Fed. Appx. 506, 508 (6th Cir. 2012)). The Court denies this request because it could "improperly dissuade putative collective members from opting into the lawsuit." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2017 U.S. Dist. LEXIS 129955, at *31 (S.D. Ohio Aug. 14, 2017).

### 3. Statement regarding the Court's Neutrality

Defendants request that the Notice contain a statement regarding the Court's neutrality to avoid "the appearance of judicial endorsement of the merits of the action." (Doc. 70 at 4, quoting *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 174 (1989).) Plaintiffs respond by referring to the bolded language in the Notice stating that it does not reflect a judgment by the Court about whether any technician is entitled to compensation. This statement, while informative, does not communicate the Court's neutrality in the same manner as the language proposed by Defendants. The Court therefore orders Plaintiffs to add to the first page of the Notice: "Although this Notice has been authorized by the Honorable Judge Thomas M. Rose, United States District Judge for the Southern District of Ohio, the Court takes no position regarding the merits of Plaintiffs' claims or Defendants' defenses."

### 4. Defendants' Position

Defendants request that the Notice contain a statement of their position. Plaintiffs do not object to the inclusion of such a statement, but note that Defendants have not provided any suggested language. The Court orders the parties to work together to include appropriate language. If they are unable to reach an agreement, they should promptly notify the Court and seek its intervention.

### 5. Dissemination of the Notice

Defendants object to Plaintiffs' proposed dissemination of the Notice through regular mail and email. Plaintiffs argue that sending the Notice by both means is necessary because there is a "strong possibility that relying solely on mail will be unsuccessful." (Doc. 74 at 6.) Defendants argue that courts typically approve dissemination of notice through only a single method, unless there is reason to believe that method is ineffective. There is considerable discretion afforded to

district courts in determining the method for disseminating notice. As email has become a more common and reliable means of communicating with people, despite changes of address, more courts have authorized dissemination of notice in FLSA and other class actions by email. The Court finds that Plaintiffs' proposed means of disseminating the Notice is reasonable and designed to ensure that potential opt-in plaintiffs are notified of this lawsuit.

Plaintiffs also request that the Notice be posted publicly in Krieger Beard's offices. Defendants argue that such posting is intended to encourage participation, instead of notifying potential opt-in plaintiffs of the lawsuit. Plaintiffs counter that mail and email alone might not be sufficient because of the way that Defendants have classified technicians. Defendants themselves admit that they neither issued email addresses to Plaintiffs nor kept track of their personal email addresses. In these circumstances, it is reasonable to permit the public posting of the Notice, in addition to its dissemination via mail and email, to ensure notification of putative class members.

### 6. Duration of Opt-In Period

The parties agree on a 45 day opt-in period, provided that Plaintiffs are permitted to disseminate the Notice via mail and email. As the Court has approved Plaintiffs' plan for dissemination of the Notice, this issue is resolved.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs (Doc. 62).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 2, 2018.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE