# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DISTRICT

| | |
|---|---|
| MORGAN PERRY, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> KRIEGER BEARD SERVICES, LLC, *et al.*, <br><br> Defendants. | Case No.: 3:17-cv-00161-TMR <br><br> District Judge Thomas M. Rose <br> Magistrate Judge Michael J. Newman |
| AUNSHAWN HENDERSON, <br><br> Plaintiff, <br> v. <br><br> KRIEGER BEARD SERVICES, LLC, <br><br> Defendants. | Case No.: 3:18-cv-00006-TMR <br><br> District Judge Thomas M. Rose <br> Magistrate Judge Michael J. Newman |

## AGREED PROTECTIVE ORDER

To protect trade secret and/or confidential research, business records, development or commercial information, information protected from disclosure by 47 U.S.C. § 338(i), information and documents which may be protected by the attorney-client privilege and the tangible or intangible work product doctrines, and/or private information related to the above-captioned consolidated lawsuits, the parties to the above-captioned consolidated lawsuits (collectively, the "Parties")[1], stipulate and agree as follows, and it is HEREBY ORDERED that:

---

[1] The parties in *Morgan Perry, et al v. Krieger Beard Services, LLC, et al.*, No. 3:17-cv-00161 (the "*Perry* lawsuit"), are Plaintiffs Morgan Perry, Travis Fain, and Brian Fox ("*Perry* Plaintiffs") and Defendants Krieger Beard Services, LLC ("KBS"), Dustin Krieger, DIRECTV, LLC ("DIRECTV"), and DirectSat USA, LLC ("DirectSat") (together with *Perry* Plaintiffs, the "*Perry* Parties").

**Introduction and Information Covered by the Agreement.**

1. This Agreed Protective Order ("Protective Order") is made under Fed. R. Civ. P. 26(c).[2] The purpose of this Protective Order is to permit the Parties and their respective counsel in the above-captioned consolidated lawsuits to discover certain information, documents, and things from each other and to reasonably limit disclosure of said confidential information that may be exchanged and produced now and in the future during the above-captioned consolidated lawsuits.[3]

2. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in the above-captioned consolidated lawsuits that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of

---

The parties in *Aushawn Henderson v. Krieger Beard Services, LLC*, No. 3:18-cv-00006 (the "*Henderson* lawsuit"), are Plaintiff Aunshawn Henderson ("*Henderson* Plaintiff") and Defendant KBS (together with *Henderson* Plaintiff, the "*Henderson* Parties"). DIRECTV and DirectSat are not defendants in the *Henderson* lawsuit and therefore no claims alleged in that case are brought against DIRECTV and DirectSat.

The *Perry* and *Henderson* lawsuits were consolidated by the Court in an order entered on July 2, 2018. *See* Doc. No. 79, PageID 2734-35.

[2] On or about July 19, 2017, the *Perry* Parties previously entered into a Confidentiality Stipulation and Agreement for the Protection of Confidential Information ("Confidentiality Stipulation") to allow DIRECTV and DirectSat to file certain confidential information and documents in connection with said Defendants' Response in Opposition to Plaintiff's Motion for Conditional Class Certification, Expedited Discovery and Court-Supervised Notice to Potential Opt-in Plaintiffs and, later, with said Defendants' Response in Opposition to Plaintiff's Renewed Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs. *See* Doc. No. 24-2, PageID 228-34. This Court has allowed documents to be filed under seal in the *Perry* lawsuit pursuant to this Confidentiality Stipulation. *See*, *e.g.*, Doc. No. 29, PageID 1241. The Parties hereby incorporate this Confidentiality Stipulation by reference into this Protective Order.

[3] Since DIRECTV and DirectSat are not defendants in the *Henderson* lawsuit, the entry of this Protective Order, and nothing stated herein, constitutes a waiver of any objections by DIRECTV and DirectSat to discovery in the *Henderson* lawsuit as non-parties in that case.

this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

3. This Order shall apply to any person or entity from whom discovery may be sought and who desires protections for the discovery sought. Thus, any non-party requested or required to produce or disclose documents, things or information, or to provide testimony in the above-captioned consolidated lawsuits, through subpoena or otherwise, may designate such documents, things or information or testimony as Confidential or Attorneys' Eyes Only under the terms of this Protective Order. Third party discovery designated under this Order shall be treated by the Parties in accordance with the provisions of this Protective Order as if such documents, things, information, or testimony were produced or provided by a party to the above-captioned consolidated lawsuits.

**Designation of Information.**

4. The designation "Confidential" may be invoked in good faith by a producing party with respect to items of discovery produced during the above-captioned consolidated lawsuits which the producing party or non-party reasonably believes in good faith are (1) unavailable to the public, (2) not readily determinable from other sources, (3) are or have been treated as confidential by that party, and (4) contain any (a) confidential, strategic, research, development, pricing, customer, or commercial information or (b) private, personal or personnel information or (c) information which may be protected by the attorney-client privilege or the tangible or intangible work product doctrines. Discovery items that may be designated as "Confidential" include, but are not limited to: private and personal information relating to current and former employees or contractors of any Defendant; personnel or employment records, including salary information,

relating to employees of any Defendant; trade secrets; information that reveals trade secrets; customer lists; vendor contracts; pricing information; research; proprietary, non-public business technical, sales, marketing, operational, commercial or financial information that any party has maintained as confidential; medical information concerning any individual; personal identity information; income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; information or documents any party has submitted to any federal or state agency; names, contact information, financial information, or other personal information or documents concerning customers of any party; and any information protected by the Satellite Television and Localism Act of 2010.

5. The designation "Attorneys' Eyes Only" may be invoked in good faith by a producing party only with respect to Confidential Information which the producing party or non-party reasonably believes to be: (1) a trade secret or so competitively sensitive that it is entitled to extraordinary protections or (2) non-public financial information about a person or party.

6. A party may designate information disclosed at a deposition as Confidential or Attorneys' Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date the transcript of the deposition is received from the Court reporter to designate, in writing to the other Parties and to the court reporter, whether the transcript or any portion thereof is to be designated as Confidential or Attorneys' Eyes Only Information.

7. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in

writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

## Use and Disclosure of Confidential Information.

8. The Parties shall act to protect from public disclosure all information produced through discovery and designated Confidential or Attorneys' Eyes Only. Any document or information produced or disclosed pursuant to the terms of this Protective Order cannot, unless otherwise agreed by the Parties, be used for any purpose other than in connection with the above-captioned consolidated lawsuits and/or settlement of the above-captioned consolidated lawsuits (including any private mediation or arbitration).

9. Thus, information and documents produced through discovery and designated as "Confidential" may be disclosed only to: (a) a named party; (b) recognized counsel for the Parties in the above-captioned consolidated lawsuits, their staff and other attorneys in their firms; (c) experts and consultants retained by a party for assistance in trial preparation or for testimony; (d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial/services, trial planning and assistance, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (e) the Court and its personnel.

10. Information and documents produced through discovery and designated as "Confidential" may also be disclosed to: (a) a witness who is testifying in a deposition, hearing, trial or other proceeding in the above-captioned consolidated lawsuits provided that counsel disclosing the Confidential Information has a good faith basis for believing the documents are relevant to the witness's testimony or knowledge; (b) a putative class members provided that the

Confidential Information is specific to or applied to the putative class member; or (c) the custodian or author of the Confidential Information.

11. Any document designated by a party as "Attorneys' Eyes Only" may be disclosed only to: (a) counsel for the Parties in the above-captioned consolidated lawsuits, their staff and other attorneys in their firms; (b) experts and consultants retained by a party for assistance in trial preparation or for testimony; (c) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial/services, trial planning and assistance, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (d) the Court and its personnel; or (e) for use in trial.

12. Confidential Information or Attorneys' Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if: (1) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a corporate designee; (2) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (3) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

13. All persons to whom Confidential Information or Confidential Attorney Eyes Only Information are disclosed to shall be advised of the existence of this Protective Order. Prior to disclosure of confidential materials to any person within the categories described in this Protective

Order, such person shall agree in advance to be bound by this Protective Order by signing the declaration attached hereto as Exhibit A (experts, consultants, or employees of a party) or Exhibit B (third-party vendors), except that the individuals listed in paragraph 9(a), (b) and (e) shall not be required to sign such a declaration.

14. This Protective Order will not prohibit the use of Confidential Information in depositions of witnesses allowed access to such documents under the terms of this Protective Order and/or at trial.

15. This Protective Order shall not preclude the Court or its personnel from reviewing any documents or information as necessary for the conduct of the above-captioned consolidated lawsuits, except for documents containing personally identifiable information concerning satellite subscribers, which shall only be submitted to the Court consistent with paragraph 16.

**The Satellite Television and Localism Act of 2010.**

16. The Parties recognize that the Satellite Television and Localism Act of 2010, 47 U.S.C. § 338(i), prohibits the disclosure of personally identifiable information concerning any satellite subscriber without the prior written consent of the subscriber concerned. Accordingly, the Parties agree that any document containing personally identifiable information concerning any satellite subscriber shall be designated as "Confidential" before being produced in discovery. The receiving party will not use the satellite subscriber's personally identifiable information for any purpose. Further, the Parties agree that only copies of documents that do not contain, or that have personally identifiable information redacted, will be submitted to the Court. Should any party wish to attach a document containing personally identifiable information concerning any satellite subscriber to a deposition, to a Motion filed with the Court, or to otherwise make such a document part of the record in the above-captioned consolidated lawsuits, the party shall first redact any

personally identifiable information concerning any satellite subscriber, or file that portion of the party's submission under seal, consistent with the procedures set forth in ¶ 21, *infra*. If a party wishes to challenge the designation of documents as protected by the Act, the Parties agree that only copies of documents that do not contain, or that have personally identifiable information concerning satellite subscribers redacted will be submitted to the Court.

**The Parties' Rights Under This Protective Order.**

17. This Protective Order may be modified by joint motion of the Parties, upon further order of the Court. Nothing in this Protective Order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders. Modification of this Protective Order after termination of the above-captioned consolidated lawsuits, by judgment, settlement or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Protective Order will govern.

18. Notwithstanding the claw back provision in paragraph 7, if any party wishes to challenge a designation under this Protective Order, the Parties shall first request a changed designation from the producing party, and, if no satisfactory agreement is reached, may petition the Court to challenge a designation at any time prior to termination of the above-captioned consolidated lawsuits. Until a change to a designation is granted by agreement or order, the producing party's designation will govern.

19. This Protective Order shall not preclude the Parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

20. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in

the above-captioned consolidated lawsuits. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery. The provision of materials subject to this Protective Order shall not constitute an admission as to the discoverability or admissibility at trial of any material.

**Motions to Seal.**

21. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ohio L.R. 5.2.1. This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion that sets forth:

    A. the authority for sealing;

    B. an identification and description of each item proposed for sealing;

    C. the reason that sealing each item is necessary;

    D. the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; and,

    E. a memorandum of legal authority supporting sealing.

**Conclusion of Above-Captioned Consolidated Lawsuits.**

22. Within sixty (60) calendar days after final judgment in the above-captioned consolidated lawsuits, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms

of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents designated Confidential or Attorneys' Eyes Only Information, and to certify to the producing party such destruction or return upon request.

23. Notwithstanding the above requirements to return or destroy documents, counsel for any party may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Confidential Attorney Eyes Only Information so long as that work product does not duplicate verbatim substantial portions of such materials, and (2) one complete set of all pleadings, court papers, depositions, exhibits, and other documents filed with the Court or used at trial, including those filed under seal. Any retained Confidential Information or Confidential Attorney Eyes Only Information shall be maintained and protected in accordance with the terms of this Protective Order.

### Remedies for Violations.

24. Any violation of this Protective Order may result in a party requesting any available sanction by way of noticed motion.

SO ORDERED on August 15, 2018:

\*s/Thomas M. Rose  
Honorable Thomas M. Rose  
United States District Court Judge

<u>Respectfully submitted to the Court on the 14th day of August, 2018:</u>

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
Gibson Law, LLC
9200 Montgomery Road, Suite 11A
Cincinnati, Ohio 45242
Phone: (513) 834-8254
Fax: (513) 834-8253
brad@gibsonemploymentlaw.com

/s/ Kenneth J. Ignozzi
Kenneth J. Ignozzi (0055431)
**Dyer, Garofalo, Mann & Schultz, LPA**
131 N. Ludlow Street, Suite 1400
Dayton, Ohio 45402
Phone: (937)223-8888
Fax: (937) 824-8630
Email: kignozzi@dgmslaw.com

/s/ Austin H. LiPuma
Austin H. LiPuma, Esq. (0095750)
**Dyer, Garofalo, Mann & Schultz, LPA**
131 North Ludlow Street
Suite 1400
Dayton, Ohio 45402
Phone: (937) 223-8888
Fax: (937) 824-8630
Email: alipuma@dgmslaw.com

*Attorneys for Plaintiffs Morgan Perry, Travis Fain, and Brian Fox in Perry Lawsuit*

/s/ Robert E. DeRose, II
Robert E DeRose, II
Jessica Doogan
Barkan Meizlish Handelman Goodin DeRose Wentz, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
Phone: (614) 221-4221
Fax: (614) 744-2300
Email: rbaishnab@barkanmeizlish.com
Email: bderose@barkanmeizlish.com

/s/ Camille Fundora
Camille Fundora
Sarah R Schalman-Bergen
Berger & Montague, P.C.

1622 Locust St.
Philadelphia, PA 19103
Phone: (215) 875-4635
Fax: (215) 875-4604
Email: cfundora@bm.net
Email: sschalman-bergen@bm.net

/s/ Harold Lichten
Harold Lichten
Olena Savytska
Lichten & Liss Riordan, P.C
729 Boylston St. Suite 2000
Boston, MA 02116
Phone: (617) 994-5800
Fax: (617) 994-5801 (fax)
Email: hlichten@llrlaw.com
Email: osavytska@llrlaw.com

*Attorneys for Plaintiff Aunshawn Henderson in the Henderson Lawsuit*

/s/ Colin D. Dougherty
Colin D. Dougherty (Trial Attorney)
Jonathan D. Christman (admitted *pro hac vice*)
10 Sentry Parkway, Ste. 200, P.O. Box 3001
Blue Bell, PA 19422
Telephone: (610) 397-6500
Facsimile: (610) 397-0450
cdougherty@foxrothschild.com
jchristman@foxrothschild.com

*Attorneys for Defendants DIRECTV, LLC and DirectSat USA, LLC*

/s/ Deborah S. Brenneman
Deborah S. Brenneman
Lindsay M. Nichols
Thompson Hine
312 Walnut Street
Suite 1400
Cincinnati, OH 45202
Telephone: (512) 352-6638
Facsimile: (512) 241-4771
debbie.brenneman@thompsonhine.com
lindsay.nichols@thompsonhine.com

*Attorneys for Defendants Krieger Beard Services, LLC in Perry and Henderson Lawsuits, and Dustin Krieger in Perry Lawsuit*

## **Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DISTRICT

| | |
|---|---|
| MORGAN PERRY, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> KRIEGER BEARD SERVICES, LLC, *et al.*, <br><br> Defendants. | Case No.: 3:17-cv-00161-TMR <br><br> District Judge Thomas M. Rose |
| AUNSHAWN HENDERSON, <br><br> Plaintiff, <br> v. <br><br> KRIEGER BEARD SERVICES, LLC, <br><br> Defendants. | Case No.: 3:18-cv-00006-TMR <br><br> District Judge Thomas M. Rose |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT, OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as Confidential Information, or Confidential Attorney Eyes Only Information, as defined in the Protective Order entered in the above-captioned consolidated lawsuits ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned consolidated lawsuits and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in the above-captioned consolidated lawsuits, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

|   |
|---|
| Signed |

|   |
|---|
| Printed Name |

|   |
|---|
| Date |

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT**

| | |
|---|---|
| MORGAN PERRY, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> KRIEGER BEARD SERVICES, LLC, *et al.*, <br><br> Defendants. | Case No.: 3:17-cv-00161-TMR <br><br> District Judge Thomas M. Rose |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as Confidential Information, or Confidential Attorney Eyes Only Information, as defined in the Protective Order entered in the above-captioned consolidated lawsuits ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned consolidated lawsuits and not to disclose any of this information to persons other

than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

_____
Signed

_____
Printed Name

_____
Date