UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MORGAN PERRY, *et al.*,

    Plaintiffs,

vs.

KRIEGER BEARD SERVICES. LLC, *et al.*,

    Defendants.

Case No. 3:17-cv-161

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

___

# ORDER
___

This civil case is before the Court on the motion to withdraw as counsel for Defendants Krieger Beard Services, LLC and Dustin Krieger filed on February 11, 2019. Doc. 99. Pursuant to Local Rule 83.4(c), the motion must be served upon the clients and the certificate of service must so state. The certificate of service in this instance references service on only one of the clients (Mr. Krieger) via email, and the Court has concerns that such method of service may not comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(b)(2). Because Local Rule 83.4 requires that a motion to withdraw be served on the clients and affords them an opportunity to respond, the Court concludes that such motion is not yet ripe for review.

The Court **ORDERS** counsel for Kreiger Beard Services, LLC and Dustin Krieger promptly serve these Defendants, in compliance with the Federal Rules, with: (1) a copy of the motion to withdraw, and (2) a copy of this Order. Counsel shall also file with the Court a new certificate of service evidencing service of the foregoing in accordance with the Civil Rules and the Local Rules. Krieger Beard Services, LLC and Mr. Krieger may file a response to the motion to withdraw within 21 days after proper service.

With regard to the requested withdrawal of counsel on behalf of Defendant Krieger Beard Services, LLC, the Court also notes that limited liability companies may not appear in this Court *pro se* and, thus, may only appear through a licensed attorney admitted to practice in this Court. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Should the Court ultimately grant the motion to withdraw as counsel, the undersigned notes that Krieger Beard Services, LLC, as a business entity, cannot proceed *pro se* and its failure to have counsel appear on its behalf may result in significant and serious adverse consequences to it, including an entry of default and issuance of a default judgment. *See Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Tr. v. K-COR, LLC*, No. 3:14-CV-368, 2015 WL 10742767, at *1 (S.D. Ohio Nov. 13, 2015).

**IT IS SO ORDERED.**

Date:  February 21, 2019              s/ Michael J. Newman
                                      Michael J. Newman
                                      United States Magistrate Judge