UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MORGAN PERRY, *et al.*,

    Plaintiffs,

vs.

KRIEGER BEARD SERVICES, LLC, *et al.*,

    Defendants.

Case No. 3:17-cv-161

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

### REPORT AND RECOMMENDATION[1] THAT AN ENTRY OF DEFAULT ISSUE AGAINST DEFENDANT KRIEGER BEARD SERVICES, LLC
_____

This civil case is before the Court with regard to Defendant Krieger Beard Services, LLC and its failure to appear and defend this action.  The Court has notified Defendant Krieger Beard Services, LLC ("KBS") on a number of occasions that, as a business entity, it cannot participate in and defend this case without counsel, and has ordered KBS to have counsel enter an appearance on its behalf.  Docs. 113, 114, 116.  In that regard, KBS was notified that failure to comply with the Court's Order to have counsel enter an appearance on its behalf could result in the imposition of sanctions, including the entry of default.  Doc. 113 at PageID 3010.  Counsel did not, however, enter an appearance on behalf of KBS as ordered.  Accordingly, on July 8, 2019, the Court ordered KBS to show cause as to why such sanctions should not issue.  Doc. 114 at PageID 3012.  KBS failed to show cause as ordered, and the time for doing so has expired.

The Court also previously ordered KBS, through counsel, to respond to all outstanding discovery requests directed to it and to file, through counsel, a notice with the Court certifying that

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

such responses have been served. Doc. 116. KBS failed to file a notice with the Court certifying that it responded to outstanding discovery requests, and the time for doing so has expired.

Finally, on September 4, 2019, Defendant KBS failed to appear, through counsel, and participate in a discovery status conference set by the Court. Such conference was set on the Court's docket over a year ago, on August 24, 2018.

District courts possess "inherent power" to effectuate and protect "the due and orderly administration of justice[,]" as well as to preserve "the authority and dignity of the court[.]" *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (internal quotations omitted) (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925)). In addition to such inherent power, the Federal Rules of Civil procedure give district courts the power to, *sua sponte*, "issue any just orders" imposing sanctions where a party "fails to obey a . . . pretrial order[,]" including "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 16(f), 37(b)(2)(A)(vi). The Civil Rules also permit sanctions as severe as the entry of a default judgment where a party fails to comply with a discovery order. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citing Fed. R. Civ. P. 37).

Based on the foregoing, the undersigned concludes that KBS has failed to otherwise defend this action and that an entry of default against KBS is proper at this time. Accordingly, the undersigned **RECOMMENDS** that the Court direct the Clerk to enter Krieger Beard Services, LLC's default on the record.

Date:   September 5, 2019                    s/ Michael J. Newman
                                                             Michael J. Newman
                                                             United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).