**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MORGAN PERRY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED     Plaintiffs, | Case No. 3:17-cv-161 Rose, J. Litkovitz, M.J. |
| v. | |
| KRIEGER BEARD, SERVICES, LLC, *et al.*,     Defendants. | **REPORT AND RECOMMENDATION** |

This is a consolidated civil case in which plaintiffs assert, inter alia, claims for overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*. (*See* First. Am. Compl., Doc. 57 at PAGEID 1649-50). Plaintiff Morgan Perry originally filed this action on May 8, 2017, on behalf of himself and others similarly situated, seeking overtime pay from, among other defendants, Krieger Beard Services, LLC (KBS) and Dustin Krieger (Krieger). The class was consolidated with a separate civil action filed by plaintiff Aunshawn Henderson on July 2, 2018. (*See* Doc. 79, consolidating case with Case No. 3:18-cv-6).[1] Named Plaintiffs Morgan Perry, Travis Fain, and Brian Fox and Opt-In Plaintiffs James Adams, Thomas Bertke, Gordon Black, Markale Bolden, Bryan Bradberry, Nigeria Brown, Michael Carpenter, Joseph Cole, Brian Delgado, Charles Fulton, Ken Go, Douglas Griffieth, Jorge Hernandez, Perry Latiker, Alejandro Merlos, Johnny Peebles, Mario Romero, William Ryan, Ryan Salters, Michael Wilson, Monzell Wilson, Myron Wilson, (collectively, plaintiffs) respectfully move the Court to enter default judgment against KBS and Krieger, individually, pursuant to Federal Rule of Civil Procedure 55(b)(2).

---

[1] The Court granted plaintiff Henderson default judgment against KBS on September 21, 2020 (Doc. 140).

This matter is before the Court on plaintiffs' motion for default judgment against KBS and Krieger (collectively, defendants) (Doc. 145), following the entries of default against both defendants (*see* Docs. 122, 123, 141, 143).  No memorandum in opposition to plaintiffs' motion was filed and the time for doing so has expired.  *See* S.D. Ohio Civ. R. 7.2(a)(2).

## I.  BACKGROUND

In their amended complaint (Doc. 57), plaintiffs allege that they worked as satellite television service technicians.  (*Id.* at PAGEID 1644).  Plaintiffs' relationships with defendants were indefinite in length as opposed to a set duration—often lasting years.  (*Id.* at PAGEID 1646).  Plaintiffs were required to be available between the hours of 8:00 a.m. and 4:00 p.m. regardless of whether they actually performed services during this time, and they often worked significantly more than 40 hours per week.  (*Id.* at PAGEID 1645).  Defendants provided equipment, dictated plaintiffs' availability, and prescribed the work that plaintiffs were to perform.  (*Id.*).

Many plaintiffs were trained by other service technicians, and plaintiffs operated under defendants' strict guidelines, protocols, and procedures related to plaintiffs' appearance, hours, and work.  (*Id.* at PAGEID 1644-45, 1648).  Given defendants' control of workflow, plaintiffs could not work for other employers and had no discretion to change their rates according to the services that they provided.  (*Id.* at PAGEID 1645-46).  Plaintiffs were also subject to "chargebacks," i.e., deductions from wages determined by defendants stemming from customer issues.  (*Id.* at PAGEID 1647).

Plaintiffs allege that, under these conditions, defendants knew or should have known that plaintiffs were employees.  (*Id.* at PAGEID 1650).  As a result, plaintiffs assert damages in the amount of their unpaid overtime during the three years prior to the amended complaint,

corresponding liquidated damages, and their attorneys' fees. (*Id.* at PAGEID 1649-50, 1653). (*See also* Doc. 145 at PAGEID 3297).

## II. ANALYSIS

A party is in default when that party fails to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once default is shown by affidavit or otherwise, "the clerk must enter the party's default." *Id.* Following the entry of default against a defaulting party, and where "plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Otherwise, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Although a defaulting defendant admits liability, default does not establish damages and, instead, "the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (citation omitted). Thus, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true" and, "[t]he district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). However, "a court need not conduct an evidentiary hearing 'where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015), *report and recommendation adopted*, 2015 WL

4540181 (S.D. Ohio Mar. 3, 2015) (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)).

The Clerk issued an entry of default against KBS because it never secured counsel—a requirement as a business entity—and because it failed to demonstrate compliance with discovery requests. (*See* Docs. 118, 122-23). The Clerk issued an entry of default against Krieger because he, too, failed to demonstrate compliance with discovery requests or otherwise participate or defend himself in this litigation. (*See* Docs. 141, 141-1, 143). Neither KBS nor Krieger filed objections to the Clerk's entry of default or filed a response to the motion for default judgment. Accordingly, liability is admitted and default judgment should be entered against KBS and Krieger.

Plaintiffs' present motion seeks to establish damages against defendants. Plaintiffs' motion includes a table (table 1), which lists each plaintiff's total weekly hours while employed as a service technician and the amount of such time representing overtime. (Doc. 145 at PAGEID 3294). The information in table 1 is supported by counsel Bradley Gibson's declaration (Doc. 145-1 at PAGEID 3300-03), attached to which is a sampling of the verified interrogatory responses by individual plaintiffs used to compile the information in table 1 (*see id.* at PAGEID 3304-3333). Plaintiffs' motion also includes a second table (table 2), which lists each plaintiff's estimated weekly pay, estimated overtime damages, the amount paid pursuant to a prior settlement with defendant DirectTV, LLC and defendant DirectSat USA, LLC, and the corresponding outstanding balances owed. (*See* Doc. 145 at PAGEID 3295-96).[2] Table 2 is also

---

[2] In table 2, the damages estimate for Travis Fain, less the prior settlement payment, should be $3,634.72 as opposed to $3,634.73 and the damages estimate for Charles Fulton, less the prior settlement amount, should be $4,200.78 as opposed to $4,200.77. These adjustments do not affect the total overtime damages estimate.

supported by Mr. Gibson's declaration, attached to which are a table (table 3)[3] reflecting plaintiffs' estimated unpaid overtime wage calculation and seven samples of declarations in which each plaintiff individually verified his or her estimated weekly pay. (Doc. 145-1 at PAGEID 3334-41).

### A. Damages under the FLSA

An employee seeking unpaid overtime or unpaid minimum wage under the FLSA bears the "burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as discussed in Integrity Staffing Solutions, Inc. v. Busk*, 547 U.S. 27, 36 (2014). The Supreme Court has set forth a "proper and fair standard" under which an employee can "meet . . . his [or her] burden of proof." *Id.* "[A]n employee has carried out his [or her] burden if he [or she] proves that he [or she] has in fact performed work for which he [or she] was improperly compensated and if he [or she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* Thereafter, "[t]he burden . . . shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. The employer's failure in this regard allows the court to "then award damages to the employee, even though the result be only approximate." *Id.* at 688.

Moreover, the FLSA allows for an employee seeking unpaid overtime or unpaid minimum to recover an equal amount as liquidated damages. *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (citing 29 U.S.C. § 216(b)). "[A]n award of liquidated damages is left to the sound discretion of the court. . . ." *McClanahan v. Mathews*, 440 F.2d 320,

---

[3] Table 3 is based on the interrogatory answers of all the plaintiffs demonstrating their best estimation of overtime hours worked for defendants. (Doc. 145-1 at PAGEID 3302).

322 (6th Cir. 1971) (citations omitted). A court has the discretion to *not* award liquidated damages only if an employer comes forward with evidence demonstrating that "the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Ellwell*, 276 F.3d at 840 (citing 29 U.S.C. § 260) (remaining citation omitted). The burden on the employer in this regard is substantial and requires "proof that [the employer's] failure to obey the statute was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict." *Id.* (quoting *McClanahan*, 440 F.2d at 322). "In the absence of such proof[,] a district [c]ourt has no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages." *McClanahan*, 440 F.2d at 322 (citing 29 C.F.R. §§ 790.15, 790.22(c)).

Plaintiffs seek both compensatory and liquidated damages. (*See* Doc. 145 at PAGEID 3297). Table 1 reflects the approximate number of uncompensated, overtime hours worked per week per plaintiff. (*Id.* at PAGEID 3294). By taking the gross weekly pay of each individual plaintiff displayed in table 2 (*id.* at PAGEID 3295-96) and dividing it by the average number of hours each individual plaintiff claims to have worked weekly in table 1 (*id.* at PAGEID 3294), plaintiffs arrive at their estimated basic hourly rates. (*See* table 3, Doc. 145-1 at PAGEID 3334). Based on this calculation, plaintiffs' unpaid overtime rates would equal one half of these basic hourly rates. *See Clark v. Shop24 Glob., LLC*, 77 F. Supp. 3d 660, 679 (S.D. Ohio 2015) (stating that where an employee's regular rate of pay is determined by dividing the weekly wage by the number of hours actually worked in a particular week, "the employer will owe [the employee] only one-half of the regular rate for those hours") (quoting *Urnikis-Negro v. Am. Family Property Servs.*, 616 F.3d 665, 671 (7th Cir. 2010)). Multiplying plaintiffs' unpaid overtime

6

rates by their estimated hours of uncompensated hours of overtime per week, and further multiplying that total by the amount of estimated weeks of employment with defendants leads to the damages estimate for each individual plaintiff. (*See* tables 1-2, Doc. 145 at PAGEID 3294-96; table 3, Doc. 145-1 at PAGEID 3334). Plaintiffs point to the cumulative amount of their estimated, unpaid, overtime damages—less the prior settlement payments—to arrive at the total compensatory damages figure of $173,235.91. (*See* Doc. 145 at PAGEID 3296-97). Further, the FLSA provides for an award of liquidated damages equal to single damages, where, as here, defendants have failed to demonstrate good faith in failing to compensate plaintiffs for overtime hours worked. *See McClanahan*, 440 F.2d at 322-23.

The Court has reviewed above-described calculations in plaintiffs' motion. Plaintiffs' compensatory damages total $173,235.91. Accordingly, plaintiffs should be awarded compensatory and liquidated damages totaling $346,471.82 (exclusive of attorneys' fees and costs).

### B. Attorneys' fees

"An award of attorney fees to a prevailing plaintiff under . . . the FLSA is mandatory, but the amount of the award is within the discretion of the [court]." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). A party seeking attorneys' fees bears the burden of documenting his or her entitlement to such fees. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). The applicant "should submit evidence supporting the hours worked and rates claimed." *Id.* (quoting *Webb v. Board of Educ. Of Dyer Cty., Tenn.*, 471 U.S. 234, 242 (1985)).

"The primary concern in evaluating a request for attorney fees 'is that the fee award be reasonable.'" *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (quoting *Reed*, 179 F.3d at 471). "A reasonable fee is one that is adequate to attract competent counsel but . . .

[does] not produce windfalls to attorneys." *Id.* (quoting *Reed*, 179 F.3d at 471). To determine a reasonable fee, a district court must multiply the reasonable number of hours billed by a reasonable hourly rate—known as the "lodestar" amount. *Id.* at 434. "There is generally a strong presumption that an attorney is entitled to her or his 'lodestar' fee." *Satterwhite v. Faurecia Exhaust Sys., Inc.*, No. 3:02-cv-574, 2005 WL 1279253, at *2 (S.D. Ohio May 31, 2005) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). Although the district court may, within limits, modify the "lodestar" to reflect considerations relevant to the specific litigation, such modifications are only proper in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the court. *Adcock-Ladd*, 227 F.3d at 349 (quoting *Pennsylvania. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Plaintiffs' counsel represents that a total of 91 hours were worked by partners and associates in the respective law firms prosecuting this action to meet with clients, conduct legal research, review documents, draft court filings, calculate overtime damages, and draft correspondence. (Doc. 145-1 at PAGEID 3301). Counsel has submitted a declaration that the hourly rates listed are the normal and customary hourly rates of the members of the firms, that lead counsel's firm specializes in employment litigation, and that the work performed was necessary to prepare and prosecute this action. (*Id.* at PAGEID 3301-02). Courts within the Sixth Circuit have found hourly rates ranging from $300 to $450 to be reasonable for work on FLSA actions such as this. *See Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011) (stating that "[a] district court may rely on a party's submissions, awards in analogous cases . . . and its own knowledge and experience in handling similar fee requests") (citations omitted); *see also Berry v. Fun Time Pool & Spa, Inc.*, No. 2:20-cv-1610,

8

2020 WL 4784654, at *2 (S.D. Ohio Aug. 18, 2020) (finding $445 per hour to be reasonable); *Rangel v. Paramount Heating & Air Conditioning, LLC.*, No. 2:17-cv-473, 2020 WL 1080418, at *2 (S.D. Ohio Mar. 6, 2020) (finding $350 hourly fee to be reasonable); *Pineda v. Pit Columbus, LLC*, No. 2:17-cv-668, 2017 WL 5900559, at *4 (S.D. Ohio Nov. 28, 2017) (finding partner's hourly rate of $450 to be reasonable); *Rembert v. A Plus Home Health Care Agency*, *LLC*, No. 2:17-cv-287, 2020 WL 1443041, at *2 (S.D. Ohio Mar. 25, 2020) (finding rates of $350 per hour and $300 per hour reasonable for attorneys with 11 and 8 years' experience practicing labor and employment law, respectively), *appeal docketed*, No. 20-3454 (6th Cir. April 29, 2020). Accordingly, counsel's requested fee of $29,300.00 is deemed reasonable based upon the skill and experience of the counsel working on this FLSA action as compared to other counsel in similar actions, and counsel should be awarded the same.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' motion for default judgment (Doc. 145) be **GRANTED**;

2. Judgment be **ENTERED** against KBS and Krieger as follows:

    a. Plaintiffs be **AWARDED** $346,471.82, representing the total of compensatory and liquid damages warranted under the FLSA; and

    b. Plaintiffs' counsel be **AWARDED** $29,300.00 in attorneys' fees.

Date: 1/23/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MORGAN PERRY, *et al.*,　　　　　　　　　　　　　　Case No. 3:17-cv-161
　　　Plaintiffs,　　　　　　　　　　　　　　　　　　Rose, J.
　　　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

　　　　　v.

KRIEGER BEARD,
SERVICES, LLC, *et al.*,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).